IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DERRICK ECHOLS,** )
)
       Plaintiff, )
)
v. ) Civil No. **06-191 - DRH**
)
**WARDEN UCHTMAN and** )
**MAJOR RAMOS,** )
)
       Defendants. )

## REPORT and RECOMMENDATION

This Report and Recommendation is respectfully submitted to Chief Judge David R. Herndon pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Plaintiff Derrick Echols is an inmate in the custody of the Illinois Department of Corrections. He brings suit under 42 U.S.C. §1983 for violation of his constitutional rights while he was incarcerated at Menard Correctional Center.

On preliminary review, the court construed the complaint as stating a claim for violation of plaintiff's First Amendment rights. Plaintiff alleges that he is a member of the Rastafarian faith, and that he wore dread locks as part of his religious practice. He claims that, upon to his transfer to Menard, he was informed by defendants that he would have to cut his hair pursuant to Menard's grooming policy. He refused to cut his hair for religious reasons. On March 24, 2005, his hair was forcibly cut. **See, Doc. 10**.

Now before the court is Defendants' Motion for Summary Judgment, which is supported by an affidavit. **(Doc. 16)**.

Defendants served upon the *pro se* plaintiff the notice required by ***Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)**. **(Doc. 18)**. Plaintiff filed a response in the form of an affidavit at **Doc. 20.**

Defendants argue that the complaint should be dismissed because plaintiff has failed to

1

exhaust administrative remedies.

## Standard for Summary Judgment

Summary judgment is appropriate under **Fed.R.Civ.P. 56** where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **Fed.R.Civ.P. 56(c);  see** *Celotex Corp. v. Catrett*, **477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).** The evidence is construed in the light most favorable to the non-moving party and all justifiable inferences are drawn in favor of that party. **See,** *Anderson v. Liberty Lobby, Inc.*, **477 U.S. 242, 255, 106 S.Ct. 2505, 2513-14 (1986).** Once the moving party has produced evidence to show that he or she is entitled to summary judgment, the non-moving party must affirmatively demonstrate that a genuine issue of material fact remains for trial. *Johnson v. City of Fort Wayne*, **91 F.3d 922, 931 (7th Cir. 1996).**

In responding to a summary judgment motion, the non-moving party may not simply reiterate the allegations contained in the pleadings; more substantial evidence must be presented at this stage. Moreover, a genuine issue of material fact is not shown by the mere existence of "some alleged factual dispute between the parties," *Anderson*, **477 U.S. at 247**, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, **475 U.S. 574, 586 (1986).** Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson*, **477 U.S. at 252, 106 S.Ct. at 2512.**

The court may not make credibility determinations on a motion for summary judgment. *Morfin v. City of East Chicago*, **349 F.3d 989, 999 (7th Cir. 2003).**

Plaintiff is a *pro se* inmate, and his pleadings must be liberally construed. *Duncan v.Duckworth*, **644 F.2d 653, 655 (7th Cir.1981).**

## Analysis

Plaintiff's claims are subject to the exhaustion requirement set forth in **42 U.S.C. § 1997e(a)** as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

***Perez v. Wisconsin Department of Corrections*, 182 F.3d 532 (7th Cir.1999)** explained that exhaustion of administrative remedies pursuant to 42 U.S.C. § 1997e(a), while not jurisdictional *per se*, is a "precondition" to suit, regardless of the apparent futility of pursuing an administrative remedy, regardless of whether money damages are sought as a tangential remedy, and regardless of notions of judicial economy. Exhaustion of administrative remedies is required *before* a case may be brought, even if exhaustion is accomplished during pendency of the case. *See* **42 U.S.C. § 1997e(a); and** *Perez*, **182 F.3d at 535-536.** The Supreme Court has held that the "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." ***Porter v. Nussle*, 122 S.Ct. 983, 992 (2002)**.

Exhaustion must occur *before* suit is filed; plaintiff cannot file suit and then exhaust his administrative remedies while suit is pending. ***Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004).** Exhaustion requires that a prisoner "properly take each step within the administrative process." ***Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)**.

The IDOC grievance system is set forth in **20 Ill. Administrative Code §504.800** *et seq.* In summary, these regulations provide that the inmate first submits his grievance to a grievance officer, who is to make his report in writing to the Chief Administrative Office (*i.e.*, the warden). Section 504.810 requires that the grievance be submitted "within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance." The warden responds in writing of his decision. If the warden denies the grievance, the inmate has 30 days in which to

3

file an appeal to the Administrative Review Board (ARB). Where, as in Illinois, the administrative system provides for an administrative appeal of the warden's decision, exhaustion requires that the prisoner file the appeal and give the appeal board an opportunity to decide the appeal. *Pozo,* **286 F.3d at 1024.**

Defendants rely on the affidavit of Jackie D. Miller, attached to **Doc. 16 as Exhibit A**. Ms. Miller, who is a Chairperson with the Office of Inmate Issues for the IDOC, first describes the administrative grievance procedures. She then states that she has undertaken a search of the Administrative Review Board (ARB) records, and that plaintiff "did not file a grievance in accordance with departmental rule 504, regarding his dread locks being cut on 3/24/05 at Menard Correctional Center."

Defendants' argument completely ignores plaintiff's allegations with respect to his attempts to exhaust. He does not claim to have exhausted a grievance about his hair being cut. Rather, he specifically alleges that he put two timely grievances in the institutional mail directed to his counselor, but did not receive responses. When he asked the counselor about them, she denied having received them. This information is set forth in plaintiff's original complaint, **Doc. 1, pp. 3, 5.**

In his response to the motion, plaintiff again explains in detail his attempts to exhaust. He states that he wrote a grievance on April 4, 2005, and placed it in the institutional mail addressed to his designated counselor. He did not receive a response. On June 10, 2005, he wrote another grievance, and again placed it in the institutional mail, addressed to his designated counselor. He did not receive a response. When he later questioned the counselor, she denied having received them. He then filed a third grievance, dated August 11, 2005. That grievance was denied as untimely. The August, 2005, grievance states that plaintiff filed two earlier grievances but did not receive a response. Copies of the August, 2005, grievance and the denial of same are attached to plaintiff's response. **See, Doc. 20 and exhibits attached thereto.**

4

Failure to exhaust is an affirmative defense on which defendants have the burden of proof. ***Westefer v. Snyder*, 422 F.3d 570, 577 (7th Cir. 2005)**. Defendants' motion should be denied because they have wholly failed to negate plaintiff's position, which is that his grievances should be deemed exhausted because prison employees failed to process his properly submitted grievances.

This case is similar to ***Dole v. Chandler*, 438 F.3d 804 (7th Cir. 2006)**. There, the inmate put his grievance in the chuckhole for a guard to pick up and mail to the ARB, which was the correct procedure. The envelope was picked up by a guard, but it never made it to the ARB. The Seventh Circuit held that, where the inmate followed the correct procedures to submit his grievance, but it was not processed due to mistakes on the part of prison employees, the affirmative defense of failure to exhaust fails. ***Dole*, 438 F.3d at 811.** See also, ***Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002)**. ["We join the Eighth and Fifth circuits on this issue because we refuse to interpret the PLRA 'so narrowly as to ... permit [prison officials] to exploit the exhaustion requirement through indefinite delay in responding to grievances.'"]

## Recommendation

This Court recommends that Defendants' Motion for Summary Judgment **(Doc. 16)** be **DENIED.**

Objections to this Report and Recommendation must be filed on or before **May 2, 2008.**

**Submitted: April 15, 2008.**

                          s/ Clifford J. Proud
                          **CLIFFORD J. PROUD**
                          **UNITED STATES MAGISTRATE JUDGE**