IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DERRICK ECHOLS

    Plaintiff,

v.

WARDEN UCHTMAN and
MAJOR RAMOS,

    Defendants.                                       Case No. 06-cv-191-DRH

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

Before the Court is Plaintiff's Motion for Reconsideration (Doc. 47), in which he requests the Court to "reconsider" its May 26, 2009 Order granting Defendants' Motion for Summary Judgment (Doc. 45) and Judgment (Doc. 46), finding that Plaintiff's failure to file a Response could be deemed an admission on the merits.

Technically, a "motion to reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to **Rule 59(e)** or **Rule 60(b)** of the Federal Rules of Civil Procedure. ***See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir.1994);** ***United States v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992)**. Under these rulings, the

date the motion was filed determined under what rule it would be analyzed. **See Deutsch, 981 F.2d at 300**. If the motion was served within 10 days of the rendition of the judgment/order, the motion fell under **Rule 59(e)**; if it was served after that time, it fell under **Rule 60(b)**. **Id. (citations omitted)**. Most recently, however, the Seventh Circuit has clarified that although motions filed after 10 days of the rendition of the judgment are still analyzed under **Rule 60(b)**, motions filed within 10 days of the rendition of judgment can be analyzed under either rule depending upon the substance of the motion.

> [W]hether a motion filed within ten days of the rendition of the judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the substance of the motion, not on the timing or label affixed to it. Therefore, the former approach-that, no matter what their substance all post-judgment motions filed within 10 days of judgment would be construed as Rule 59(e) motions-no longer applies. In short, motions are to be analyzed according to their terms. When the substance and label of a post-judgment motion filed within 10 days of judgment are not in accord, district courts should evaluate it based on the reasons expressed by the movant. Neither the timing of the motion, nor its label ..., is dispositive with respect to the appropriate characterization of the motion.

**Obriecht v. Raemisch, 517 F.3d 489, 493 (7th Cir. 2008) (citations omitted).**

Here, the Court filed its Order on May 26, 2009 (Doc. 45) and entered Judgment that same day (Doc. 46). Plaintiff, an inmate acting *pro se*, dated his Rule 59(e) Motion for Reconsideration, June 2, 2009. However, there is no certificate of service to show the date he placed it in the outgoing mail at the correctional facility. The Motion itself shows it was received by the Clerk's Office on June 8, 2009. Pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 6(a)**, even using the latest date of

June 8, 2009, is within the 10-day time period allowed by **Rule 59(e)**. ***See Obriecht*, 517 F.3d at 492 n.3**. Therefore, since the Motion was filed within ten days of the Order, the Court must look to the substance of the motion to determine whether the motion should be construed under **Rule 59(e)** or **Rule 60(b)**. ***Id.* at 493**.

**FEDERAL RULE OF CIVIL PROCEDURE 59(e)** motions serve a narrow purposes and must clearly establish either a manifest error of law or fact or must present newly discovered evidence. ***Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996);** ***Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986);** ***Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985)**. "The rule essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." ***Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995) (citation omitted)**. The function of a motion to alter or amend a judgment is not to serve as a vehicle to re-litigate old matters or present the case under a new legal theory. ***Moro*, 91 F.3d at 876 (citation omitted);** ***King v. Cooke*, 26 F.3d 720, 726 (7th Cir. 1994)**, ***cert. denied*, 514 U.S. 1023 (1995)**. Moreover, the purpose of such a motion "is not to give the moving party another 'bite of the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment." ***Yorke v. Citibank, N.A.* ( *In re BNT Terminals, Inc.*), 125 B.R. 963, 977 (N.D. Ill.**

1990) (citations omitted). **Rule 59(e**) is not a procedural folly to be filed by a losing party who simply disagrees with the decision; otherwise, the Court would be inundated with motions from dissatisfied litigants. ***BNT Terminals*, 125 B.R. at 977**. Further, the decision to grant or deny a **Rule 59(e)** motion is within the Court's discretion. *See **Prickett v. Prince*, 207 F.3d 402, 407 (7th Cir. 2000); *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)**.

Examining Plaintiff's Motion to Reconsider, he seeks to submit his Affidavit, which he states was his "Response" to Defendants' Motion for Summary Judgment. Plaintiff claims that he submitted his Affidavit to the Court and to Defendants; Plaintiff also subsequently sent a letter to the Clerk of the Court inquiring as to the status of his case. Plaintiff concludes that the reason his responding Affidavit was not on file was apparently due to a "mail handling issue" and not his "culpable negligence" (Doc. 47). Because Plaintiff's grounds for reconsideration do not assert mistake of law or fact or seek to introduce newly-discovered evidence, the Court cannot construe his Motion for Reconsideration under **Rule 59(e)**. Thus, in accordance with the Seventh Circuit's guidance in ***Obriecht***, it must analyze Plaintiff's Motion as if it were made pursuant to **Rule 60(b)** instead.

Among other grounds, **Rule 60(b)** allows a court to grant the movant relief from a final judgment or order when the movant shows there occurred "mistake, inadvertence, surprise, or excusable neglect . . . ." **FED. R. CIV. P.**

**60(b)(1)**.  The only way to properly characterize Plaintiff's grounds for relief would be "excusable neglect."  "[T]he determination of what amounts to 'excusable neglect' under Rule 60(b) is 'at bottom an equitable one, taking account of all the relevant circumstances surrounding the party's omission.' " ***Robb v. Norfolk & Western Ry. Co.*, 122 F.3d 354, 359 (7th Cir. 1997) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)) (emphasis in original)**.  The relevant circumstances for courts to consider regarding excusable neglect include: (1) the reasons for the delay, including whether it was within the reasonable control of the movant; (2) the danger of prejudice to the defendant; (3) the length of the delay and its potential impact on judicial proceedings; and (4) whether the movant acted in good faith.  ***Id***.

Here, if this was a "mail handling" mishap, as Plaintiff suggests, it would truly be outside of his ability to control whether his responding Affidavit was, in fact, timely received by the Court for filing purposes.  The Court does not know for certain whether Plaintiff's response was lost in the mail or otherwise, but it will have to assume Plaintiff is acting in good faith.  Also, although the judgment in favor of the remaining Defendants would be vacated at this juncture, it would not severely prejudice them, as their summary judgment arguments would thereafter be considered upon the merits, rather than just being granted due to a deemed admission of the merits by Plaintiff, as before.

For these reasons, the Court hereby **GRANTS** Plaintiff's Motion for

Reconsideration (Doc. 47), pursuant to **Rule 60(b)(1)**, based upon its finding of excusable neglect on Plaintiff's part. Accordingly, the Court hereby **VACATES** its May 26, 2009 Order (Doc. 45) granting Defendants' Motion for Summary Judgment and its May 26, 2009 Judgment (Doc. 46) in favor of Defendants. The Court further **ORDERS** the Clerk of the Court to file Plaintiff's Affidavit (*see* Doc. 47, pp. 3-5) as his Response in Opposition to Defendants' Motion for Summary Judgment (Doc. 43) and to correct the docket to reflect the pending nature of the summary judgment motion. Lastly, the Court hereby sets Defendants' Motion for Summary Judgment (Doc. 43) for **HEARING** on **Wednesday, August 19, 2009 at 1:30 p.m.**

**IT IS SO ORDERED**.

Signed this 11th day of June, 2009.

/s/ DavidRHerndon
**Chief Judge**
**United States District Court**